FILED
November 15, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003902978

Thomas A. Aceituno
PO Box 189
Folsom, CA 95763-0189
Telephone: (916) 985-6486
e-mail: trustee@acetrustee.com

Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In Re,

WALKER, DANIEL LEE

WALKER, LANA CHRISTINE

Debtor(s)

Case No. 11-35554-D -7

DCN: TAA-1
DATE: December 6, 2011
TIME: 9:30 AM
DEPT.: C

MOTION FOR SALE OF ASSETS

and

DECLARATION OF THOMAS A. ACEITUNO

I, THOMAS A. ACEITUNO, the duly appointed trustee in the above entitled matter, hereby move for an order authorizing the sale of assets of the estate consisting of On-Sale General Liquor License No. 47-360560 for a total of $65,000 subject to overbids at the time of hearing:

1. The Debtors herein filed bankruptcy on June 23, 2011. I have been appointed Trustee for the bankruptcy estate.

Page 1

2. The Debtors own the following assets which need to be liquidated for the benefit of the estate (hereafter the "Liquor License"): California On-Sale General Liquor License No. 47-360560.

3. The Debtor has made a claim of exemption in the amount of $12,165 pursuant to California Code of Civil Procedure Section 703.140(b)(5). No objection to the claim of exemption had been filed.

4. Prior to the filing of the bankruptcy, the Debtors had arranged a sale of the License to the Jackson Band of Miwuk Indians of the Jackson Rancheria (the "Buyer"). Buyer is represented by Lee Sanders of Sanders Consulting. Escrow for the sale was opened at Capitol City Escrow in Sacramento. The purchase price for the sale is $65,000. Pursuant to requirements of the California Department of Alcoholic Beverage Control, various liens must be satisfied prior to transfer of the license.

5. Based upon information provided to me in the Debtor's schedules, outstanding liens and encumbrances include the following:
   a. California Board of Equalization: $15,607.00
   b. California Franchise Tax Board: $1,040.83
   c. Employment Development Dept: $5,901.20
   d. Creditors Trade Association: $11,615.82
   e. Continental Commercial Group: $7,886.33
   f. Delta Sierra Beverage: $1,463

6. These claims do not appear to be in dispute, although the amounts may differ from the amount shown in the schedules. The total of these claims shown in the schedules is $43,514.83. However, the Board of Equalization, Franchise Tax Board, and Employment Development Department have all filed priority or secured claims in the bankruptcy case with slightly lower amounts ($15,394.84, $782.34 and $2,938.29 respectively). The Creditors Trade Association filed a

claim for a higher amount ($14,454.34). Continental Commercial Group and Delta Sierra Beverage did not file claims.

7. In addition to the above, there were two additional potential secured creditors shown on the schedules. Amador Meat is listed as a secured creditor with a claim of $17,285.95. However, the Debtor disputes this claim. Amador Meat has not filed a claim with the bankruptcy case. The Debtor also listed "Steve Zalkin c/o Frank L. Walker" as a potential secured creditor with a claim of $10,463.00. The claim is actually a claim by Frank L. Walker (Daniel Walker's father), which was filed on his behalf by attorney Stephen R. Zalkind. The claim (Number 14 on the Claims Register) is filed as a general unsecured claim in the case.

8. The purchase price indicated above is sufficient to produce a substantial net recovery to the estate after payment of all undisputed claims and the Debtor's claim of exemption. However, the price is not sufficient to pay the disputed claim in full together with all other claims.

9. The order to obtain authority to complete the sale if all lien issues can be resolved, I am seeking authority to conclude the sale under the following conditions:

   a. That all potential lien-holders and the Debtor consent to the sale under terms acceptable to each party;

   b. That the estate receive a minimum "net" recovery after payment of all liens and encumbrances of ten thousand dollars ($10,000.00);

10. In the event that the lien-holders and the Debtor do not consent to the sale, I am seeking in the alternative authority to abandon the estate's interest in the Liquor License.

For the reasons above, I pray for an order of the court as follows:

1. Authorizing the sale of the Assets under the conditions described above ;

2. In the alternative, authorizing the Trustee to abandon the estate's interest in the Liquor License without further notice to creditors; and

3. Authorizing the Trustee to execute all documents necessary to conclude the sale.

Respectfully submitted:

DATE: November 15, 2011 /s/ Thomas A. Aceituno

DECLARATION OF THOMAS A. ACEITUNO

I, Thomas A. Aceituno, hereby declare under penalty of perjury:

1. I am the Trustee in this case.
2. I have reviewed all of the foregoing and it is true and correct and if called I would so testify.

DATE: November 15, 2011 /s/ Thomas A. Aceituno